**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM SHIPLEY**, on behalf of himself and others similarly situated, | ) | **Case No.** |
| Plaintiff, | ) | **<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>** |
| v. | ) | **<u>JURY TRIAL DEMANDED</u>** |
| **CUSTOM CABLE CONSTRUCTION INC. d/b/a CUSTOM UTILICOM INC.**, | ) | |
| Defendant. | ) | |

Plaintiff William Shipley ("Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Complaint against Defendant Custom Cable Construction, Inc. d/b/a Custom Utilicom, Inc. ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Plaintiff brings this case as a FLSA "collective action" on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Massillon, Ohio.

8. Plaintiff was employed by Defendant from approximately February 24, 2025, to May 9, 2025. Plaintiff was employed by Defendant as a non-exempt hourly employee.

9. Plaintiff's written Consent to Join Form is attached as **Exhibit A**.

10. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Defendant is an Ohio corporation with its headquarters at 3670 Progress St. NE, Canton, OH 44705. Defendant can be served through its Ohio registered statutory agent: Leeann Chirumbolo at 3940 Martindale Rd. NE, Canton, OH 44714.

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

14. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

15. Defendant is in the business of providing telecommunication contracting services.

16. Defendant employs hourly employees to provide various services, including line work and warehouse support, vehicle/truck inspections, and completing paperwork and reports.

17. Plaintiff worked for Defendant as an hourly General Labor employee.

18. Plaintiff and other similarly situated employees worked were hourly employees who worked for Defendant within the last three years.

19. Plaintiff and those similarly situated employees were not exempt from the overtime requirements of the FLSA or Ohio law.

20. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek.

21. At all relevant times, Defendant had a policy and practice of deducting, or causing to be deducted, 30-minute unpaid meal breaks from Plaintiff's and other similarly situated employees' time worked.

22. Plaintiff and those similarly situated employees were often interrupted during their meal breaks or were unable to take their full 30-minute meal breaks due to work duties.

23. Despite these interruptions and incomplete meal breaks, Defendant continued to deduct, or cause to be deducted, 30 minutes from Plaintiff's and other similarly situated employees' time worked.

24. Defendant failed to accurately record and compensate Plaintiff and those similarly situated employees for all time worked, including time worked during interrupted unpaid meal breaks.

25. As a result, Defendant failed to pay Plaintiff and those similarly situated employees for all hours worked, including overtime compensation for hours worked in excess of 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

27. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations is defined as:

> **All current and former hourly employees of Defendant, including temporary workers, who were subject to Defendant's unpaid meal break policy and who worked 40 or more hours in a workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter.**

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of the FLSA Collective Members and is acting on behalf of their interests as well as his own in bringing this action.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's unpaid meal break policy resulting in Defendant failing to pay Plaintiff and the FLSA

Collective members an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other similarly situated employees who have similar claims under the laws of the State of Ohio ("Ohio Class"), which is defined as:

> **All current and former hourly employees of Defendant, including temporary workers, who were subject to Defendant's unpaid meal break policy and who worked 40 or more hours in a workweek at any time during the two years preceding the date of the filing of this Complaint through final disposition of this matter.**

32. The Ohio Class is so numerous that joinder of all members of the Ohio Class is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

33. There are questions of law or fact common to the Ohio Class members including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendant's failure to pay

Plaintiff and the other Ohio Class members for time spent working through missed and/or interrupted unpaid meal breaks.

34. The questions of law or fact that are common to the Ohio Class members predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class members, listed above, are common to the Ohio Class members as a whole, and predominate over any questions affecting only individual Ohio Class members.

35. Plaintiff's claims are typical of the claims of other members of the Ohio Class members. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Class members.

36. Plaintiff and the Ohio Class members have all been injured in that they have been uncompensated due to Defendant's common policy and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

37. Plaintiff will fairly and adequately protect the interests of the Ohio Class members. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

38. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class members in this case.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and the FLSA Collective members were not paid for all time worked, including time spent working through missed and/or interrupted unpaid meal breaks.

43. Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

44. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

45. Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation.

46. Defendant's practice and policy of not paying Plaintiff and the FLSA Collective members all overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours worked in excess of 40 hours per workweek violated the FLSA.

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

48. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

49. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Class - Overtime Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

52. Plaintiff and the Ohio Class members were not paid for all time worked, including their time spent working through missed and/or interrupted unpaid meal breaks.

53. Plaintiff and the Ohio Class members were not paid for lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

54. Defendant failed to pay Plaintiff and the Ohio Class members the required overtime compensation.

55. At all relevant times, Defendant knew it was required to pay Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

56. Defendant's practice and policy of not paying Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

57. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

58. As a result of Defendant's violations of the OMFWSA, Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other similarly situated persons, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in pursuant to 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Plaintiff, the Opt-Ins who join, and the Ohio Class actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages in an amount equal to the unpaid wages found due to Plaintiff and the Opt-Ins who join;

F. Award Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*

Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiff*